J-A04002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN MUSIKA AND LINDA MUSIKA, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 599 EDA 2023 |
| ABINGTON - JEFFERSON HEALTH, ABINGTON HEALTH, ABINGTON HEALTH PHYSICIANS, ABINGTON MEMORIAL HOSPITAL, JENNIFER V. FRABIZZIO, JONAS J. GOPEZ, HANS Y. KIM, LANSDALE HOSPITAL, NEUROSURGICAL ASSOCIATES OF ABINGTON, STEPHEN PRIPSTEIN, RADIOLOGY GROUP OF ABINGTON PC AND WILLOW GROVE OPEN MRI, INC. | : : : : : : : : : : : : : | |

Appeal from the Order Entered February 2, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2015-24722

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY McLAUGHLIN, J.:   **FILED**

**JANUARY 09, 2025**

I do not agree that Appellants have not shown that the failure to give

an increased-risk-of-harm instruction was prejudicial. The majority misstates

Appellants' argument. Contrary to the majority's characterization of it, their

contention is not that the cumulative effect of the trial court's errors warrants

_____

[*] Retired Senior Judge assigned to the Superior Court.

the grant of a new trial. Rather, their argument is that the error affected the verdict, and that detrimental effect of the failure to give that instruction was compounded by the trial court's other errors. They argue that "the failure to explicitly provide the increased risk of harm instruction to the jury is clearly error which ignores the law, and it directly impacted the verdict." Appellants' Br. at 70; *see also* Appellants' Br. at 65 ("**Jury Instruction Error Influenced the Verdict** (emphasis in original) . . . Furthermore, this error was compounded by the court's earlier error . . . .").

The majority also fails to cite the standard for determining whether an erroneous instruction prejudiced an appellant. It instead blithely concludes – without citation to any guiding authority – that its misstated version of Appellants' argument fails to establish prejudice. I would entertain the argument Appellants have made and find that they have adequately shown that the error warrants a new trial.

A new trial is in order where the trial court has given an erroneous jury instruction if the error reasonably affected the verdict or the record is inadequate to determine whether it affected the verdict.[1] *Carlino v. Ethicon, Inc.*, 208 A.3d 92, 116 (Pa.Super. 2019) (citing *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 351 (Pa. 2014)).

Contrary to the majority's assessment, *Jones v. Montefiore Hospital*, 431 A.2d 920, 925-26 (Pa. 1981), supports the finding of prejudice. The Court

_____

[1] We will also grant a new trial if the error was fundamental. Appellants make no such argument here.

- 2 -

in **Jones** explained that it found prejudice there because "the jury might have reached its decision as a result of the incomplete and erroneous instructions on causation[.]" **Id.** That is the precise situation here. The jury received "incomplete and erroneous instructions" and "might have reached its decision as a result[.]" The majority attempts to distinguish **Jones** on the specious basis that the Court there did not cite the purported "basis" for the verdict. Of course, the Court could not know with certainty the "basis" for the jury's verdict.

More to the point, the majority's complaint is about what **Jones** did not state, while it ignores what it did say. The Court in **Jones** did not find a need to speculate about the jury's reason for reaching its verdict to find prejudice. Indeed, as the Supreme Court has explained, if the record is not sufficient to determine if an erroneous instruction affected the verdict, then we should grant a new trial. **See Tincher**, 104 A.3d at 351; **see also Carlino**, 208 A.3d at 116. The majority's addition of such a requirement here is in tension with **Jones**. Here, as in **Jones**, the jury received incomplete and erroneous instructions on a material aspect of the case, and it reasonably might have based its decision on the instructions the court gave. I would grant a new trial.

To be clear, I agree with the majority that the trial court did not err in its evidentiary rulings. I also agree that the trial court erred in not giving an increased risk of harm jury instruction as to Dr. Jonas J. Gopez. However, unlike the majority, I would find this error was prejudicial, and would therefore

vacate and remand for a new trial. I therefore concur in part and dissent in part.